RACHEL B. HICE CREASMAN v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF HENDERSONVILLE AND KENNETH YOUNG-BLOOD, SUBSTITUTE TRUSTEE

No. 7028SC643

(Filed 16 December 1970)

**Rules of Civil Procedure § 50— motion for directed verdict — motion for "dismissal"**

Defendants' motion for "dismissal" on grounds of insufficient evidence to go to the jury, rather than for a "directed verdict," *held* not fatal where the defendants stated grounds entitling them to a directed verdict. G.S. 1A-1, Rule 50.

APPEAL by plaintiff from *Superior Court Judge Hasty,* 16 March 1970 Schedule A Session of Superior Court held in BUNCOMBE County.

*Cecil C. Jackson, Jr., for plaintiff appellant.*

*Prince, Youngblood, Massagee & Groce by Boyd B. Massagee, Jr., for defendant appellees.*

MALLARD, Chief Judge.

At the close of the plaintiff's evidence in this action to declare void a note and deed of trust, the court allowed the defendants' motion "for an involuntary dismissal with prejudice" on the grounds that there was insufficient evidence to go to the jury.

In a case tried to a jury, after a plaintiff has put on evidence and rested, a defendant who asserts that the evidence of the plaintiff is insufficient to permit a recovery is restricted to making a motion for a directed verdict under Rule 50(a) of the Rules of Civil Procedure. Under Rule 50, a motion for a directed verdict must state the grounds therefor.

In the case before us the defendants' motion was "for *dismissal* and *(sic)* grounds of insufficient evidence to go to the jury." (Emphasis added.) The defendants used the words "dismissal and grounds" when they should have used "directed verdict on the grounds." However, the defendants stated grounds entitling them to a directed verdict. The failure to use the words "directed verdict" is not fatal to their motion.

We hold that the trial judge was correct in allowing the motion.

Affirmed.

Judges PARKER and GRAHAM concur.